MARY S. JONES, PLAINTIFF, v. WEST JERSEY AND SEA-SHORE RAILROAD COMPANY, DEFENDANT.

MARY S. JONES, EXECUTRIX OF THE ESTATE OF WIL-SON T. JONES, DECEASED, PLAINTIFF, v. WEST JER-SEY AND SEASHORE RAILROAD COMPANY, DEFEND-ANT.

Decided September 27, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rules, *Bourgeois & Coulomb.*

*Contra, David O. Watkins* and *George B. Marshall.*

PER CURIAM.

The plaintiff, in an action brought against the defendant, under the Death act, to recover the pecuniary loss which she sustained by the death of her husband caused by the negligence of the defendant company's servants, obtained a verdict for $15,000.

She also brought an action against the defendant company in her individual right, to recover the value of an automobile, of which she was the owner, and which was being operated by her husband at the time of the accident, and which automobile was destroyed through the alleged negligence of

the defendant company's servants. In this action the plaintiff recovered the sum of $3,000. Both actions were tried together. A rule to show cause was allowed in each case, and both rules were argued together.

On the rule to show cause in the death action, the reasons presented, and relied on for a new trial, are: (1) Because the court erroneously charged the jury that "if the crossing bell were not ringing the plaintiff's decedent would assume that the way was safe, and cross over the tracks without stopping, looking or listening for approaching trains." (2) Because the court erroneously charged the jury that "if the crossing bell were ringing, then it was for the jury to say whether the plaintiff's decedent exercised reasonable care in crossing over the tracks." (3) Because the verdict was against the weight of the evidence on the question of liability. (4) Because the verdict is excessive.

On the rule to show cause why the verdict should be set aside in the automobile case, the same reasons are assigned with the exception of the fourth. No claim is made that the verdict of $3,000 is excessive.

The first ground argued and relied on for a new trial in the brief of counsel of defendant is that the trial court charged the jury: "If the crossing bell was ringing and you should so find, then it would be for you to say whether the act of the deceased in attempting to cross the tracks was under the circumstances that of an ordinary prudent man."

The real significance of this excerpt, taken from the judge's charge, can only properly be ascertained and weighed by taking into consideration the other circumstances of which the proof in the case tended to show existed at the time when the plaintiff's decedent started to cross the tracks.

There was testimony to the effect that no bell or whistle was sounded and also that no crossing bell was ringing. The testimony further discloses that there were obstructions in the nature of the existence of an embankment, and cars upon the siding, obstructing the view of the plaintiff's decedent, as he was about to cross the tracks.

Moreover, there was plenary testimony that the crossing bell was not ringing before and at the time of the happening of the accident, and it is quite manifest from a fair reading of the testimony that the jury could have properly found that no crossing bell was ringing.

The contention on behalf of the defendant company, "that if the crossing bell were ringing at the time of the accident, the plaintiff's decedent was guilty of contributory negligence, as a matter of law," and therefore no recovery could be had, is unsound.

It is quite obvious that the court could not, under the crossing statute of 1910 (*Pamph. L.* 1910, *p.* 490), properly have taken away from the consideration of the jury the question of the contributory negligence of the decedent.

The true doctrine is laid down in *Samkiwicz* v. *Atlantic City Railroad Co.* (*Court of Errors and Appeals*), 82 *N. J. L.* 478. The second headnote of the cited case reads: "It is not a sound legal proposition that the mere attempt of one on foot to cross over a railroad track at a highway crossing when the gates are down, in doing which he is injured, raises a conclusive presumption that "he took all chances of the injury and cannot recover." That the gates are closed is a circumstance to be taken into account in determining whether, under all the facts, he was negligent in not observing the warning thereby conveyed, but it does not conclusively convict him of contributory negligence."

The only other reason urged for a new trial is that the verdict of $15,000 is excessive.

We do not think it is. The decedent was sixty-two years of age at the time of his death. He was in fairly good health, being about his work daily. He earned in the neighborhood of $3,600 a year from work performed by him. He had other sources of income. He contributed to the support of his wife between $3,000 and $3,500 a year.

According to the Carlisle tables the decedent had an expectancy of thirteen and thirty-one hundredths years of life. He was a man of frugal habits, and it is probable that he would have continued so. He left a comfortable estate, and

it is likely and proper to consider that he would have augmented it if he had continued to live. There is more or less speculation entering into this class of cases, and we cannot say that the jury speculated wrongly or was actuated by prejudice, partiality, passion or mistake in reaching the verdict.

Each of the rules, therefore, is discharged, with costs.